PATRICK S. BURNS, Respondent, *v.* ROBERT A. JOHNSTON, Appellant.

*Action for services — question asked of the plaintiff by the defendant as to the term of service, improperly excluded.*

In an action brought to recover damages, resulting from the plaintiff's discharge from the service of the defendant before the expiration of the time for which he alleged that he had been employed, the plaintiff, when a witness, failed to state any definite time for which he was employed, while the defendant denied that a contract for the plaintiff's services had been made for any specified time. When the plaintiff was recalled in rebuttal the defendant's counsel asked him the question: "Will you state to the jury the period of time that you were to be employed for at the time you made this agreement, up to what time your employment was going to continue?" The plaintiff objected to the question and it was excluded.

*Held,* that, as this was the main question in the case, the defendant had a right to an answer to the question, and that, even if the matter were discretionary with the court, it was a mistaken exercise of discretion to exclude the question.

APPEAL by the defendant, Robert A. Johnston, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 15th day of October, 1895, upon the verdict of a jury rendered after a trial at the Westchester Circuit, and also from an order bearing date the —— day of October, 1895, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*David Scharps*, for the appellant.

*John C. Harrigan*, for the respondent.

PRATT, J.:

This is an appeal from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and also from an order denying defendant's motion for a new trial. The complaint alleges, substantially, that the defendant employed the plaintiff as a gardener and general workman from that date, which was in August, 1893, to April 1, 1894, and agreed to pay him for his service at the rate of twenty-five dollars each month, house rent free of charge, and milk and firewood for him and his family's use; that Burns entered upon his employment and worked until December 15, 1893, when Johnston discharged him without cause; that Burns then was ready and offered, and for a long time after was ready and offered, to perform all the conditions of this agreement upon his part.

The answer of the defendant was a general denial.

The questions submitted to the jury were as follows:

*First.* Did Johnston agree to employ Burns from August 13, 1893, to April 1, 1894, under the agreement above set forth?

*Second.* If he did, did Johnston violate that agreement and discharge Burns without cause?

*Third.* Did Burns sustain any damages and, if so, what amount?

The jury found a verdict in favor of Burns in the sum of $100.

The plaintiff went upon the stand as a witness, and failed to state any time for which he was employed. The defendant swore positively that he employed Burns for no definite length of time, and testified in substance upon this point as follows: "I cannot make any contract or enter into any agreement; I will give you $25 a month, rooms and plenty of milk and vegetables. You can have all

you want of them until such time as the hotel is rented. When the hotel is rented you will have to leave."

After the defendant had denied making any contract for a specified time, and the plaintiff had failed entirely to speak on that subject, he was called to the stand in rebuttal, and denied several matters that had been testified to by the defendant, and was then asked by the defendant's counsel this question : " Will you state to the jury the period of time that you were to be employed for at the time you made this agreement, up to what time your employment was going to continue ? " This was objected to by the plaintiff's counsel, and was excluded. We think this was error. This was the main point in the case, and the defendant had a right to put this question to the plaintiff. Even if this were discretionary with the court, we think it was a mistaken exercise of discretion to exclude the question. This was the main issue in the case, and without any testimony upon the part of the plaintiff it was very questionable whether there was evidence enough to go to the jury upon that question.

The judgment must be reversed and new trial granted, costs to abide the event.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event.